UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHANNA BRUTON; DANIEL F. ESPY,

Plaintiff,

v.

SPECIALIZED LOAN SERVICING, LLC,

Defendant.

Case No. 2:23-cv-01291-CDS-EJY

**ORDER**

On August 25, 2026, the Court ordered Plaintiffs to file an amended complaint consistent with the Ninth Circuit's memorandum. ECF No. 47. The Court now has before it Plaintiffs' Motion for Leave to File Corrected First Amended and Supplemental Complaint and to Join Parties. ECF No. 49. The proposed First Amended and Supplemental Complaint and to Join Parties is well in excess of 200 pages with attachments. *Id*.

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) further states that a complaint must include "a demand for relief sought …." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640 (9th Cir.1988).

In sum, Rule 8 requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). However, "[a] plaintiff may not attach hundreds of pages of exhibits to his complaint and expect the defendants, or the court, to wade through in the hopes of finding potential claims." *DiMaio v. Cnty. of Snohomish, Dep't of the Sheriff*, Case No. 17-0128JLR, 2017 WL 3288177, at *9 n.7 (W.D. Wash. Aug. 2, 2017) (internal citations and quotation marks omitted); *see also Bonnette v. Dick*, Case No. 1:18-CV-0046-

DAD-BAM, 2019 WL 1508061 (E.D. Cal. Apr. 5, 2019) ("Plaintiffs are further cautioned that it is not the Court's duty to wade through lengthy and convoluted exhibits to determine whether cognizable claims have been stated, and the Court declines to do so here.")).

Plaintiffs are seeking leave to file a 42 page Proposed Amended Complaint that attaches 188 pages of exhibits. ECF Nos. 49, 49-1. The prolix of the Proposed Amended Complaint and Exhibits does not comply with Fed. R. Civ. P. 8, is convoluted and, at best, unclear as to what claims Plaintiffs seek to bring against which defendants based on what facts. Plaintiff's Motion for Leave is denied below, but without prejudice and with leave to amend. In amendment, Plaintiffs must provide a "short and plain statement" that clearly sets out each cause of action they bring against each Defendant such that each Defendant has fair notice of the claims asserts and the facts on which those claims rests. The remanded claims are found in paragraph 5 of the Ninth Circuit's memorandum.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Corrected First Amended and Supplemental Complaint and to Join Parties (ECF No. 49) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiffs' must file their Second Amended Complaint **no later than September 22, 2026**.

IT IS FURTHER ORDERED that Plaintiffs' **Second Amended Complaint must not exceed 20 pages in length**. Plaintiffs may attach **no more than 30 pages in exhibits** to the Second Amended Complaint.

Dated this 4th day of September, 2026.

Elayna J. Youchah

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE